UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON N. CADWELL and HARALD B. FINDLAY, in their capacities as Co-Trustees of the Edward A. Deeds Revocable Trust dated December 23, 1999, as amended,<br><br>Plaintiffs,<br><br>-against-<br><br>CITIBANK, N.A., as Trustee of the Edward A. Deeds Trust under that certain Trust Agreement dated March 1, 1945, and as Trustee of the Edith W. Deeds Trust under that certain Trust Agreement dated March 1, 1945,<br><br>Defendant. | **COMPLAINT**<br><br>Docket No. |

Jason N. Cadwell and Harald B. Findlay, in their capacities as the co-trustees of the Edward A. Deeds Revocable Trust dated December 23, 1999, as amended (collectively "the Co-Trustees"), by their attorneys Katsky Korins LLP, allege as follows:

## INTRODUCTION

1. The Co-Trustees are bringing this lawsuit because defendant Citibank, N.A. ("Citibank") refuses to honor the exercise of limited powers of appointment over assets contained in two separate trusts of which Citibank is the Trustee. Pursuant to the exercise of those powers of appointment, Citibank is required to turn over the assets from those two trusts to the Co-Trustees. Because Citibank has refused to do so, the Co-Trustees are bringing this lawsuit

## JURISDICTION

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because, as is described below, the Co-Trustees and Citibank are domiciled in different states and the amount in controversy exceeds $75,000.

637689-1

**VENUE**

3. The Southern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) because Citibank's corporate headquarters are located in New York, New York.

**THE PARTIES AND OTHER RELEVANT PERSONS AND ENTITIES**

4. Jason N. Cadwell is one of the Co-Trustees of the Edward A. Deeds Revocable Trust dated December 23, 1999, as amended (the "Grandson Trust"), and is a citizen and resident of Vermont. A copy of the Grandson Trust is attached hereto as Exhibit A and incorporated herein by reference.

5. Harald B. Findlay is the other Co-Trustee of the Grandson Trust and is a citizen and resident of Florida,

6. Citibank is a National Bank whose corporate headquarters are located in New York, New York. Citibank is the Trustee of the of the Edward A. Deeds Trust under that certain Trust Agreement dated March 1, 1945 ("the Grandfather Trust"), and the Trustee of the Edith W. Deeds Trust under that certain Trust Agreement dated March 1, 1945 (the "Grandmother Trust"). Copies of the Grandfather Trust and the Grandmother Trust are attached hereto as Exhibits B and C, respectively, and are incorporated herein by reference.

7. Edward A. Deeds ("the Grandson" or "Mr. Deeds") was the son of Charles W. Deeds and the grandson of Edward A. Deeds (the "Grandfather"). The Grandfather Trust is named after the Grandfather and the Grandson Trust is named after the Grandson.

8. Mr. Deeds is also the grandson of Edith W. Deeds, after whom the Grandmother Trust is named.

637689-1

9. The Grandfather Trust and the Grandmother Trust are hereinafter referred to collectively as the Grandparent Trusts.

## FACTS

10. Charles W. Deeds, the Grandfather and the Grandmother all predeceased the Grandson.

11. The Grandson died on February 28, 2022, a resident of Vermont. A copy of the Grandson's death certificate is attached hereto as Exhibit D.

12. By an order dated September 19, 2022, the Probate Division of the Vermont Superior Court (the "Probate Court") admitted the Mr. Deeds Last Will and Testament (the "Will") to probate and appointed Mr. Deeds' wife, Birgit N. Deeds ("Ms. Deeds"), as Executor of his estate. Copies of the Will and the Certificate of Allowance of the Will are attached hereto as Exhibits E and F, respectively, and are incorporated herein by reference.

13. During his lifetime, following the death of his father, Mr. Deeds was a beneficiary of each of the Grandparent Trusts. Specifically, separate trusts were created for Mr. Deeds under Article First, Subdivision F, Paragraph (c) of the Grandfather Trust and Article First, Subdivision I, Paragraph (c) of the Grandmother Trust. Each of these separate Trusts created under the Grandparent Trusts for Mr. Deeds contains assets worth millions of dollars.

14. Each of the Grandparent Trusts granted a limited power of appointment to Mr. Deeds over the assets held in the separate trusts for his benefit, and for alternative disposition of the assets of each trust should Mr. Deeds not exercise his limited power of appointment.

15. Article First, Subdivision F, Paragraph (c), Section 3 of the Grandfather Trust and Article First, Subdivision I, Paragraph (c), Section 3 of the Grandmother Trust each directs the

3

Trustees of each of those separate trusts for Mr. Deeds — a child of Charles W. Deeds —as follows:

> Upon the death of each such child, to convey, transfer and pay over the remaining principal thereof to such of his or her spouse, his or her lineal descendants and the lineal descendants of Settlor's said son Charles W. Deeds then surviving and in such shares and proportions as such child may by his or her Last Will and Testament appoint, and to convey, transfer and pay over so much thereof as may not be effectively disposed of in equal shares, per stirpes, to the lineal descendants of such child then surviving, or if none, in equal shares, per stirpes, to the lineal descendants of the Settlor's said son then surviving.

16. As is apparent from the above, Mr. Deed's children are the contingent remainder beneficiaries of each of Mr. Deeds' separate trusts under the Grandparent Trusts and would be entitled to the assets in those separate trusts if this Court were to rule that Mr. Deeds did not properly exercise his limited powers of appointment over those separate trusts.

17. In Section 3(a) of the Will, Mr. Deeds exercised his limited power of appointment described in the Grandfather Trust in favor of the Co-Trustees of the Grandson Trust, as follows:

> **Exercise of Power of Appointment for Edward A. Deeds Trust.**
> Pursuant to the provisions of Article First, Subdivision F, Paragraph (c) of the Edward A. Deeds Trust, u/t/a dated March 1, 1945, as amended (the "Edward A. Deeds Trust"), a separate trust was created for my benefit. Pursuant to the provisions of Article First, Subdivision F, Paragraph (c), Section 3 of the Edward A. Deeds Trust, I am given the limited power to appoint the remaining principal of such separate trust, to my spouse, my lineal descendants and the lineal descendants of my father, Charles W. Deeds, then surviving and in such shares and proportions as I may by my will appoint. I hereby exercise this limited power of appointment, and appoint the remaining principal of the separate trust created for my benefit under the Edward A. Deeds Trust to the Trustees of the Trust Agreement described in Section 5 hereof, to be held, managed and disposed of in accordance with the terms of Article 3 thereof.

18.   In Section 3(b) of the Will, Mr. Deeds exercised his limited power of appointment described in the Grandmother Trust in favor of the Co-Trustees of the Grandson Trust, as follows:

> **Exercise of Power of Appointment for Edith W. Deeds Trust.**
> Pursuant to the provisions of Article First, Subdivision I, Paragraph (c) of the Edith W. Deeds Trust, u/t/a dated March 1, 1945 (the "Edith W. Deeds Trust"), a separate trust was created for my benefit. Pursuant to the provisions of Article First, Subdivision I, Paragraph (c), Section 3 of the Edith W. Deeds Trust, I am given the limited power to appoint the remaining principal of such separate trust, to my spouse, my lineal descendants and the lineal descendants of my father, Charles W. Deeds, then surviving and in such shares and proportions as I may by my will appoint. I hereby exercise this limited power of appointment, and appoint the remaining principal of the separate trust created for my benefit under the Edith W. Deeds Trust to the Trustees of the Trust Agreement described in Section 5 hereof, to be held, managed and disposed of in accordance with the terms of Article 3 thereof."

19.   Section 3.2(a) of the Grandson Trust describes the treatment of assets received from the Grandparent Trusts as a result of Mr. Deeds' exercise of his limited powers of appointment in the Grandparent Trusts as follows:

> With regard to any assets received by the trust pursuant to the Donor's exercise in his will of certain limited powers of appointment granted to the Donor under each of the Edward A. Deeds Trust, u/t/a dated March 1, 1945, as amended and/or the Edith W. Deeds Trust, u/t/a dated March 1, 1945, the Trustees shall hold such assets in a separate and distinct trust for Birgit's benefit, if she is then living. This Trust shall be known as the "Birgit N. Deeds Trust I" and is referred to herein as Birgit Trust I. During the term of Birgit Trust I, the Trustees shall pay to Birgit, or apply for her benefit, so much of the net income and/or principal as the Trustees, in their discretion, deem necessary or advisable from time to time for Birgit's health, support and maintenance, accumulating and adding to principal any net income not so paid or applied. Birgit Trust I shall terminate upon Birgit's death, subject to the provisions of Section 4.4 hereof. Upon such termination, the Trustees shall distribute then remaining principal of the trust estate, together with any accrued or accumulated income, to the Donor's Children in equal shares, per stirpes, the then-living issue of any of the Donor's Children who is then deceased to take their parent's share, subject to the provisions of Section 3.6 hereof.

637689-1

20. Section 4.4 of the Grandson Trust, referred to above, is simply a provision regarding the Rule Against Perpetuities.

21. Section 3.6 of the Grandson Trust, referred to above, is simply a provision regarding the distribution of assets to beneficiaries who are under 25 years of age.

22. After the Will was admitted to probate and Ms. Deeds was appointed Executor of Mr. Deeds' estate, the Co-Trustees contacted Citibank. The Co-Trustees requested that Citibank, in accordance with Mr. Deeds' exercise of his limited powers of appointment described above, distribute the assets contained in the separate trusts for the benefit of Mr. Deeds under the Grandparent Trusts to the Co-Trustees, in their capacities as Trustees of the Grandson Trust.

23. Citibank denied Petitioners' request because Mr. Deeds exercised his limited powers of appointment in favor of the Trustees of the Grandson Trust rather than outright to his spouse and/or children. Citibank maintained that it would only distribute the assets contained in the separate trusts for the benefit of Mr. Deeds under the Grandparent Trusts to the Co-Trustees if Mr. Deeds' children executed releases in favor of Citibank regarding those distributions.

24. Upon information and belief, some or all of Mr. Deeds' children have refused to execute the requested releases. They claim that Mr. Deeds did not properly exercise his limited powers of appointment because he appointed the assets contained in the separate trusts for his benefit under the Grandparent Trusts to the Trustees of the Grandson Trust rather than outright to his spouse and/or children.

25. As quoted above, the Grandson Trust directs that the assets received by the Trustees of the Grandson Trust pursuant to Mr. Deeds' exercise of his limited powers of appointment under the Grandparent Trusts are to be held in a separate trust known as the Birgit N. Deeds Trust I. *See* Grandson Trust, Section 3.2(a).

26. During her lifetime, Ms. Deeds is the discretionary income and principal beneficiary of the Birgit N. Deeds Trust I. *See* Grandson Trust, Section 3.2(a).

27. Upon Ms. Deeds' death, Mr. Deeds' children and the then-living issue of any child of Mr. Deeds who is not living at the time of Ms. Deeds' death are the remainder beneficiaries of the Birgit N. Deeds Trust I. *See* Grandson Trust, Section 3.2(a).

28. Mr. Deeds' children maintain that because Mr. Deeds allegedly failed to properly exercise his limited powers of appointment under the Grandparent Trusts, pursuant to Article First, Subdivision F, Paragraph (c), Section 3 of the Grandfather Trust and Article First, Subdivision I, Paragraph (c), Section 3 of the Grandmother Trust, Mr. Deeds' children are entitled to the assets contained in the separate trusts for the benefit of Mr. Deeds under the Grandparent Trusts.

29. On October 19, 2022, Ms. Deeds, in her capacity as the executor of Mr. Deeds' estate, filed a motion with the Probate Court requesting the Court to order Citibank to transfer the assets contained in the separate trusts for the benefit of Mr. Deeds under the Grandparent Trusts to the Trustees of the Grandson Trust. *See* Copy of Motion attached hereto as Exhibit G.

30. Upon information and belief, Ms. Deeds served the above-referenced motion on Citibank by certified mail, return-receipt requested, on or about October 19, 2022, and Citibank received that motion on October 24, 2022. *See* Affidavit of Service attached hereto as Exhibit H.

31. On November 7, 2022, the Probate Court granted Ms. Deeds' motion. *See* Copy of Court Order attached hereto as Exhibit I. However, Citibank was never formally made a party to, or appeared in the probate proceeding in Vermont. As of the date of this Complaint, Citibank has ignored the Probate Court's Order, apparently believing that the Probate Court did not have personal jurisdiction (a) over Citibank; and (b) the Grandparent Trusts, which were not part of Mr. Deeds' estate.

32. Upon information and belief, currently and at the time of Mr. Deeds' death, all of the assets of the Grandparent Trusts were, and are located in the City, County and State of New York.

33. Each of the Grandparent Trusts provides that, other than with respect to issues concerning "[t]he validity of [the] trust agreement and of the trusts hereby established[,]" which are to be governed by Ohio law, "in all other respects [each trust] agreement and the trusts hereby established including, but not by way of limitation, the administration thereof, shall be governed by the law of the State of New York." *See* Grandfather Trust, Article Fourteenth; Grandmother Trust, Article Thirteenth.

34. It is well-settled law in the State of New York that, unless the donor has manifested a contrary intention, the exercise of a power of appointment is not void because its exercise is less extensive than that authorized by the instrument creating the power. Accordingly, in this case, Mr. Deeds properly exercised his limited powers of appointment under the Grandparent Trusts when his Will directed that the assets in his separate trusts under the Grandparent Trusts be transferred to the Grandson Trust, which Trust directs that the assets be used for the benefit of his spouse during her lifetime, and, upon her death, be distributed to his children, *per stirpes*. *See, e.g., In re Nicholas's Will*, 284 A.D. 971, 971-72 (2d Dept. 1954) (exercise of power of appointment in favor of trust rather than outright to class of possible recipients held proper); *In re Hart's* Will, 262 A.D. 190, 191-95 (1st Dept. 1941) (same); *In re Reynal's Will*, 58 Misc.2d 518, 521-22 (Surr. Ct. Dutchess County 1968) (same); *In re Rolston's Will*, 44 Misc.2d 298, 301-02 (Surr. Ct. Westchester County 1964) (same); EPTL § 10-6.6(a)(2).

35. Therefore, this Court should rule that Mr. Deeds properly exercised his limited powers of appointment under Article First, Subdivision F, Paragraph (c), Section 3 of the

Grandfather Trust and Article First, Subdivision I, Paragraph (c), Section 3 of the Grandmother Trust, and should order Citibank to turn over the assets contained in Mr. Deeds' separate trusts under the Grandparent Trusts to the Co-Trustees, in their capacities as co-trustees of the Grandson Trust.

WHEREFORE, the Co-Trustees pray that this Court issue an Order:

(a) Directing Citibank to turn over the assets contained in the separate trusts held under the Grandparent Trusts for the benefit of Mr. Deeds to the Co-Trustees; and

(b) Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 15, 2023

Respectfully submitted,

KATSKY KORINS LLP


 /s/ Aytan Y. Bellin
By: Aytan Y. Bellin, Esq. (AYB0123)
605 Third Avenue, 17th Floor
New York, New York 10158
Tel: (212) 716-3229
E-mail: abellin@katskykorins.com

*Attorneys for the Co-Trustees Jason N. Cadwell and Harald B. Findlay*

637689-1