UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON N. CADWELL and HARALD B. FINDLAY, in their capacities as Co-Trustees of the Edward A. Deeds Revocable Trust dated December 23, 1999, as amended, | Docket No. 1:23-cv-1315-GHW<br><br>**Civil Action** |
| Plaintiffs, | |
| - Against – | |
| CITIBANK, N.A., as Trustee of the Edward A. Deeds Trust under that certain Trust Agreement dated March 1, 1945, and as Trustee of the Edith W. Deeds Trust under that certain Trust Agreement dated March 1, 1945, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**BARCLAY DAMON LLP**
Benjamin R. Zakarin, Esq. (5344478)
1270 Avenue of the Americas
Suite 501
New York, NY 10020
(212) 784-5800
bzakarin@barclaydamon.com
*Attorneys for Defendant Citibank, N.A.*

**PRELIMINARY STATEMENT**

Citibank, N.A. ("CBNA"), in its capacity as Trustee of the Edward A. Deeds Trust under that certain Trust Agreement dated March 1, 1945, and as Trustee of the Edith W. Deeds Trust under that certain Trust Agreement dated March 1, 1945 (collectively, the "Trusts"), submits this memorandum of law in support of its motion to dismiss the Complaint in the above-captioned action (the "Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and (7), as this Court lacks subject matter jurisdiction based upon the "probate exception," and further that Plaintiffs Jason N. Caldwell and Harald B. Findlay, in their capacities as Co-Trustees of the Edward A. Deeds Revocable Trust dated December 23, 1999, as amended ("Plaintiffs"), have failed to name necessary parties – the takers of the remainder of the Trusts in default of the exercise of the powers of appointment thereon.

**BACKGROUND**

Edward A. Deeds ("Decedent") died on February 28, 2022, a resident of Vermont. Flannery Dec. Ex. 1, ¶ 11. Prior to his death, Decedent was the beneficiary of the Trusts, with the right to exercise a limited power of appointment in favor of his spouse and/or his lineal descendants in such shares as he shall appoint by his Last Will and Testament. *Id.* at ¶¶ 13-15. In the event that Decedent failed to properly exercise his limited power of appointment, Decedent's children were the "takers in default." *Id.* at ¶ 15. Decedent purportedly exercised his power of appointment by his Last Will and Testament, designating the Edward A. Deeds Revocable Trust dated December 23, 1999 as the appointee of his limited power of appointment. *Id.* at ¶ 17. Some of Decedent's children maintain that designating the Edward A. Deeds Revocable Trust dated December 23, 1999 as appointee was not a proper exercise of the limited power of appointment. *Id.* at ¶ 24.

Upon information and belief, a probate proceeding was commenced in the Probate Division of the Vermont Superior Court (the "Vermont Probate Court"), and Decedent's Last Will and Testament (the "Will") was admitted to probate and Birgit N. Deeds ("Decedent's Wife") was appointed as executor of the Decedent's estate (the "Estate"). Flannery Dec. Ex. 1, ¶ 12. Thereafter, on October 19, 2022, Decedent's Wife made a motion in the Vermont Probate Court seeking an order compelling CBNA to transfer the assets contained in the Trusts to the Edward A. Deeds Revocable Trust dated December 23, 1999 (the "Vermont Motion"). *Id.* ¶ 29. CBNA currently maintains that the motion was jurisdictionally and procedurally defective, in that the Vermont Probate Court lacked personal jurisdiction over CBNA, subject matter jurisdiction over the Trusts' assets, and failed to notice necessary parties, which CBNA intends to raise in the Vermont Probate Court (*see* Flannery Dec. ¶¶ 10-15).

On November 7, 2022, the Vermont Probate Court exercised custody over the Trusts' assets, by granting the Vermont Motion on default, and determining the very relief sought in this action, which is that this Court "rule that [Decedent] properly exercised his limited powers of appointment" granted to him under the Trusts, and to order CBNA "to turn over the assets contained in" those Trusts. Flannery Dec. Ex. 1, ¶ 35. Specifically, the Vermont Probate Court held that CBNA

> "shall work cooperatively with the estate to honor the decedent's (Edward A. 'Andy' Deeds) exercise of a power of appointment he made in his last will (now admitted for probate) to fund his own pour over trust at his death with the remaining corpus of trust funds of his (the decedent's) parents' respective trusts; . . .. The respective trusts of Edward A. Deeds (decedent's father) and Edith Deeds (decedent's mother) included a permission for a power of appointment, which decedent exercised and which is now effective."

*Id.* at Ex. I. The Vermont Probate Court ordered CBNA to disgorge the Trusts' assets and cease its collection of management fees (the "Vermont Disgorgement Order"). *Id.*

3

## ARGUMENT

## STANDARD OF REVIEW

A Rule 12(b)(1) motion challenges the court's subject-matter jurisdiction to hear the case. "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the [] power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks and citation omitted), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### POINT I

#### THIS COURT'S LACKS SUBJECT MATTER JURISDICTION BASED UPON THE "PROBATE EXCEPTION" TO GENERAL JURISDICTION

In this proceeding predicated on diversity jurisdiction (*see* Flannery Dec. Ex. 1, ¶ 2), Plaintiffs ask this Court to "rule that [Decedent] properly exercised his limited powers of appointment" granted to him under the agreements governing the Trusts, and to "order [CBNA] to turn over the assets contained in" the Trusts. *Id.* at ¶ 35. However, this Court lacks subject matter jurisdiction over these issues, pursuant to the "probate exception" to federal diversity jurisdiction.

"Under the probate exception, a federal court cannot exercise diversity jurisdiction over a complaint that seeks to (1) administer an estate, probate a will, or do any other purely probate matter or (2) to reach a res in the custody of a state court." *McKie v. Kornegay*, 2022 U.S. App.

LEXIS 25856, at *5-6 (2d Cir. Sept. 15, 2022); *see also Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007) (articulating the two-part Second Circuit inquiry in applying the probate exception). That is, "[t]he probate exception is an historical aspect of federal jurisdiction that holds probate matters are excepted from the scope of federal diversity jurisdiction." *Mercer v. Bank of N.Y. Mellon*, 609 Fed. Appx. 677, 678 (2d Cir. 2015). This exception applies to claims exactly like those here, in which a plaintiff seeks "in essence, a disgorgement of funds that remain under the control of the Probate Court." *Lefkowitz*, 528 F.3d at 107-08.

The general principle is that, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). It "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* at 311-12. "This general principal applies equally when, as in this case, the res in question is not property of an estate but property of a trust." *Mercer*, 609 Fed. Appx. at 678. It also does not require the state court to actually seize or take possession of assets by judicial process, but applies equally to proceedings brought to administer trusts or "suits of a similar nature where, to give effect to its jurisdiction, the court must control the property." *Id.* at 679 (quoting *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)).

While CBNA maintains that the Vermont Probate Court should not have exercised custody over the Trust *res*, because it was not an asset of the Estate and because the Trust assets were not within the jurisdiction of the court (*see* Flannery Dec. ¶ 12), the Vermont Probate Court purportedly did take custody of and exercise control over the Trust *res*, whether they were permitted to or not. The Vermont Probate Court not only improperly determined that Decedent

5

properly exercised his limited power of appointment, it ordered CBNA to "work cooperatively with the estate to honor" that exercise, to transfer the Trusts' assets to the Edward A. Deeds Revocable Trust dated December 23, 1999 "without further delay" and to cease collecting management fees.  *See* Flannery Dec. Ex. 1, Ex. I thereto.  To make such an order, the Vermont Probate Court must have claimed custody or control over the Trusts' assets.  In joining in the Vermont Motion, and refusing to consent to vacate the Vermont Disgorgement Order, Plaintiffs can only be deemed to admit that the Vermont Probate Court exercised custody and/or control over the Trusts' assets.

By reason of the foregoing, CBNA respectfully requests that the Complaint be dismissed for want of subject matter jurisdiction, based upon the "probate exception" to federal diversity jurisdiction.

## POINT II

### PLAINTIFFS HAVE FAILED TO NAME NECESSARY PARTIES – THE TAKERS IN DEFAULT

Federal Rule of Civil Procedure 19(a)(1) provides two circumstances where a party is deemed necessary to the action, (1) where, "in that person's absence, the court cannot accord complete relief among existing parties"; or (2) where

> "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:  (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

FED. R. CIV. PROC. 19(a).

With respect to the latter circumstance, "the absent party [] must claim an interest." *Peregrine Myanmar v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996).  The Second Circuit noted parenthetically that "satisfying the second prong of Rule 19(a) is contingent upon an initial

requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Id.* However, Rule 19(a) does not require the interested party to assert that claim in this action. *See Fagioli S.p.A. v. GE*, 2015 U.S. Dist. LEXIS 73219, at *16-17 (N.D. N.Y. June 5, 2015) ("At no point, however, did the Second Circuit indicate that the absent party must claim an interest relating to the subject of the action in the action itself.").

For example, "[i]f the resolution of a plaintiff's claim would require the definition of a non-party's rights under a contract, it is likely that the non-party is necessary under Rule 19(a)." *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 141 (2d Cir. 2002). Further, where a trust agreement references a particular person "and the essence of the Complaint itself demonstrate that she may have an interest in the Trust," then "adjudicating th[e] action in [her] absence would impede her ability to protect that interest." *Pryor v. Collins*, 2018 Bankr. LEXIS 41, at *20 (Bankr. E.D. N.Y. Jan. 8, 2018) (*citing Mutchler v. Wilson*, 2015 U.S. Dist. LEXIS 152921, at *2 (W.D. Ky. Nov. 12, 2015) ("It is equally clear that the Absentee Parties claim an interest in the subject matter of this case – the Trust assets.")).

This is not a case where CBNA is attempting to assert claims on behalf of the takers in default. Rather, the Complaint states that Decedent's children – the takers in default – claim that Decedent did not properly exercise the power of appointment, because he appointed the assets to the Edward A. Deeds Revocable Trust dated December 23, 1999, rather than to his spouse and/or his lineal descendants. Like the grantor in *Pryor*, "[a]n adverse ruling here could deprive [Decedent's children, the takers in default] of [their] continued interest in the Trust Corpus and [their] rights under the Trust Agreement." *Pryor*, 2018 Bankr. LEXIS 41 at *21; *see also Harrison v. Grobe*, 1991 U.S. Dist. LEXIS 3337, at *9-10 (S.D. N.Y. Mar. 20, 1991) (in an action to void a trust, "obviously" the beneficiaries' interests would be affected and, "[w]hether or not they are

bound by any determination against the trustee assuming they were not joined, it is clear that as a practical matter such a determination would impair their ability to protect their beneficial interests.").

CBNA respectfully submits that Decedent's children – the takers of the remainder of the Trusts in default of the exercise of the powers of appointment – are necessary parties to this action.

## CONCLUSION

By reason of the foregoing, Defendant respectfully requests that this Court dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (7), as this Court lacks subject matter jurisdiction based upon the "probate exception," and further that Plaintiffs have failed to name necessary parties – the takers of the remainder of the Trusts in default of the exercise of the powers of appointment. CBNA respectfully requests such other and further relief as the Court deems just and proper.

Dated: March 13, 2023                                    **BARCLAY DAMON, LLP**

By: _/s/ Benjamin R. Zakarin_
Benjamin R. Zakarin
Bar Roll No. 5344478
*Attorneys for Defendants Citibank, N.A.*
1270 Avenue of the Americas Suite 501
New York, New York 10020
Telephone: (212) 784-5800
E-Mail: bzakarin@barclaydamon.com