USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/20/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
:
JASON N. CADWELL *and* HARALD B. :
FINDLAY, *in their capacities as Co-Trustees of the* :
*Edward A. Deeds Revocable Trust dated December 23,* :
*1999, as amended*, :
:
         Plaintiffs, :  1:23-cv-1315-GHW
:
   -against- :
:  <u>ORDER</u>
CITIBANK, N.A., *as Trustee of the Edward A.* :
*Deeds Trust under that certain Trust Agreement dated* :
*March 1, 1945, and as Trustee of the Edith W. Deeds* :
*Trust under that certain Trust Agreement dated March* :
*1, 1945, et al.*, :
         Defendants. :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

  On December 26, 2023, Magistrate Judge Katharine Parker issued a thoughtful and well-reasoned Report and Recommendation in this matter. In it, Judge Parker recommended that the Court deny Defendants' motion to dismiss, and grant in part and deny in part Plaintiffs' motion for summary judgment. Because the Report and Recommendation is sound, the Court adopts it in full, denying Defendants' motion to dismiss and granting in part and denying in part Plaintiffs' motion for summary judgment.

**I. BACKGROUND**

  The Court refers to the Report and Recommendation, Dkt. No. 82 (the "R&R"), for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to these motions.[1]

---

[1] Unless otherwise noted, capitalized terms throughout take on the meaning prescribed in the R&R.

The initial complaint in this matter was filed on February 15, 2023. Dkt. No. 1. Defendants filed, and later withdrew, a motion to dismiss the original complaint. Dkt. Nos. 13, 18. On May 11, 2023, the parties agreed that Plaintiffs could file an amended complaint, Dkt. No. 27, which was filed later the same day, Dkt. No. 28 (the "FAC"). Defendant Citibank, N.A. ("Citibank") filed its answer on May 17, 2023. Dkt. No. 35.

On July 28, 2023, Defendants Diane Stebbins, Susan Griffis, Martha Deeds, Jennifer Huff, Elizabeth MacKenzie, and Edward A. Deeds, Jr. (collectively, the "Individual Defendants") moved to dismiss the FAC. Dkt. No. 46. Plaintiffs filed their opposition on August 18, 2023. Dkt. No. 51. On September 12, 2023, the Individual Defendants filed their reply. Dkt. No. 66.

In addition, on August 23, 2023, Plaintiffs moved for summary judgment. Dkt. No. 53. Citibank filed its opposition on September 6, 2023. Dkt. No. 61. On September 29, 2023, the Individual Defendants filed their opposition. Dkt. No. 69. Plaintiffs filed their reply on October 18, 2023. Dkt. No. 73.

Judge Parker held oral argument with respect to both motions on December 19, 2023, and issued her R&R on August 15, 2022. *See* Dkt. Nos. 76, 78, 82. In the R&R, Judge Parker carefully analyzed the arguments presented and recommended that the Court deny Defendants' motion to dismiss, and grant in part and deny in part Plaintiffs' motion for summary judgment. Specifically, she recommended that the motion for summary judgment be "denied insofar as it seeks an order requiring immediate transfer of assets by Citibank." Dkt. No. 82 at 20.

On January 19, 2024, the Individual Defendants objected to Judge Parker's conclusion to grant in part Plaintiffs' motion for summary judgment. Dkt. No. 85 (the "Objections"). Plaintiffs filed a response in support of the conclusions of the R&R on February 2, 2024. Dkt. No. 88 (the "Response").

## II. LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III. DISCUSSION

For purposes of its evaluation of the R&R, the Court treats the Objections as sufficiently precise to merit *de novo* review.  The Court has conducted a *de novo* review of the arguments presented in connection with the motion to dismiss and the motion for summary judgment, informed by the arguments presented in the Objections and the Response.  Having done so, the Court rejects the Objections and adopts in full the thoughtful and well-reasoned R&R by Judge Parker.

The Individual Defendants object on two grounds to the R&R's conclusion that the probate exception does not apply. First, the Individual Defendants argue that "the Complaint asks this Court to take action in administering a trust that acted as a will substitute." Objections at 1. Second, they argue that "the Vermont Probate Court was exercising *quasi in rem* jurisdiction over the trust *res* at issue when the case was filed," such that the probate exception divests the Court of subject matter jurisdiction over the trust. *See id.*

### A. The "Trust as Will Substitute" Argument

Judge Parker rightly rejected the Individual Defendants' argument that the probate exception applies because the trust "acted as a will substitute." *See* Objections at 4. As Judge Parker recognized, the probate exception is limited, *see* R&R at 14 (citing *Marshall v. Marshall*, 547 U.S. 293, 298 (2006)); and "the Will in this case was already admitted to probate," *id.* at 10 (citing Dkt. No. 54-6). "In the cases cited by the Individual Defendants, unlike here, the trusts at issue were already subject to the *in rem* jurisdiction of a state court." R&R at 13 (citing *Mercer v. Bank of New York Mellon, N.A.*, 2014 WL 3655657, at *3 (E.D.N.Y. July 21, 2014), *aff'd*, 609 F. App'x 677 (2d Cir. 2015)) (other citations omitted). Other cases cited by the Individual Defendants were decided before *Marshall* had narrowed the probate exception's scope. *See, e.g., Evans v. Pearson Enters., Inc.*, 434 F.3d 839 (6th Cir. 2006); *Golden ex rel. Golden v. Golden*, 382 F.3d 348 (3d Cir. 2004); *Storm v. Storm*, 328 F.3d 941 (7th Cir. 2003). And here, Mr. Deeds' will has been completely probated. In light of *Marshall* and the foregoing, the Court declines to read the probate exception so broadly to encompass the Grandson Trust. Thus, the "trust as a will substitute" argument is unpersuasive.

### B. The Vermont Probate Court's Jurisdiction

Nor is the Court persuaded by the Individual Defendants' argument that "this case should be dismissed . . . because a state court was exercising *quasi in rem* jurisdiction over the trust assets at the time this case was filed." *See* Objections at 8. Judge Parker was correct in concluding that the

4

Vermont Probate Court was not exercising jurisdiction over the trust assets at the applicable time. Because the Vermont Probate Court was not exercising jurisdiction over the Grandparent Trusts at the time that the FAC was filed, this Court has subject matter jurisdiction over the Grandparent Trusts. As the Second Circuit has observed, "in certain instances, subject-matter jurisdiction can . . . be obtained after a case's initiation and given retroactive effect . . . ." *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 390 (2d Cir. 2021). "As a general matter, it is widely accepted that amendments to cure subject matter jurisdiction relate back. . . . Moreover, once subject matter jurisdiction is 'cured' by an amendment, courts regularly have treated the defect as having been eliminated from the outset of the action." *E.R. Squibb & Sons, Inc. v. Lloyd's & Companies*, 241 F.3d 154, 163 (2d Cir. 2001) (citations omitted).

Here, although the original complaint was filed on February 15, 2023, Dkt. No. 1, the FAC was filed on May 11, 2023, two days *after* the Vermont Probate Court vacated its decision. *See* Dkt. Nos. 28, 54-9. That is to say, at the time the FAC was filed, no state court was exercising jurisdiction over the trust. *See e.g.*, *Gale v. Chicago Title Ins. Co.*, 929 F.3d 74, 78 (2d Cir. 2019) ("In *Rockwell*, the Court emphasized that jurisdiction must be supported solely by the allegations in the amended complaint and made clear that '[t]he rule that subject-matter jurisdiction 'depends on the state of things at the time of the action brought,' does not suggest a different interpretation."); *Agoliati v. Block 865 Lot 300 LLC*, No. 22-51, 2023 WL 405769, at *1 (2d Cir. Jan. 26, 2023) (summary order) (examining the question of diversity jurisdiction "at the time the complaint is filed," while looking to "the operative amended complaint") (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)).

The Individual Defendants cite *Grupo Dataflux* to argue that subject matter jurisdiction is lacking because, notwithstanding the timing of the FAC's filing, "the jurisdiction of the court depends upon the state of things at the time of the action brought." Objections at 8–9 (quoting

5

*Grupo Dataflux*, 541 U.S. at 570) (internal quotation marks omitted).  This argument is unavailing.  As the Supreme Court explained in *Rockwell International Corp. v. United States*, in the context of examining the False Claims Act's jurisdictional provision, "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the *amended complaint* to determine jurisdiction."  549 U.S. 457, 473–74 (2007) (emphasis added).  The Court explains:

> The rule that subject-matter jurisdiction "depends on the state of things at the time of the action brought" does not suggest a different interpretation.  The state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction.  So also will the withdrawal of those allegations, unless they are replaced by others that establish jurisdiction.

*Id.* at 473 (citations omitted); *see also In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) ("In cases filed originally in federal court, . . . . 'when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction.'" (quoting *Rockwell*, 549 U.S. at 473–74)); *id.* (looking to the amended complaint to determine whether the court had subject matter jurisdiction).

In *Gale v. Chicago Title Insurance Co.*, the Second Circuit responded to a plaintiff's contention that "because this case was a class action when it was filed, the District Court continues to have CAFA jurisdiction after the FAC" by stating that "[t]his contention misunderstands the time-of-filing rule and, in any event, was rejected in *Rockwell*.  In *Rockwell*, the Court emphasized that jurisdiction must be supported solely by the allegations in the amended complaint and made clear that '[t]he rule that subject-matter jurisdiction 'depends on the state of things at the time of the action brought,' does not suggest a different interpretation.' . . . .  The time-of-filing rule applies to changes of the 'state of things,' but not to changes of the '*alleged* state of things.'  Therefore, because a court can look only to the amended complaint to ascertain jurisdiction, 'withdrawal of those allegations [that support a court's jurisdiction]' will defeat jurisdiction 'unless they are replaced by others that establish jurisdiction.'"  929 F.3d 74, 78 (2d Cir. 2019) (quoting *Rockwell*, 549 U.S. at 473)

6

(emphasis in original). *But see Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 354–55 (2d Cir. 2020) ("[W]e have never squarely addressed whether events occurring after the filing of a complaint may cure a jurisdictional defect that existed at the time of initial filing. That question has divided our sister circuits." (citations omitted)) (finding that "because even the expanded allegations in the FAC are insufficient to confer jurisdiction," the Second Circuit need not decide the question).

Notwithstanding the Second Circuit's declination to address the issue head-on in *Saleh*, *Rockwell*, *Gale*, *In Touch Concepts*, and *E.R. Squibb* teach that it is proper to consider the FAC as the operative complaint for resolving questions of subject matter jurisdiction here. *Grupo Dataflux* did not involve the filing of an amended complaint to cure any apparent issues with subject matter jurisdiction. Nor do the cases cited by the Individual Defendants compel a contrary result. First, the Individual Defendants cite to a footnote in *McKie* that reads: "Plaintiff . . . cannot remedy the present defects by arguing that there is no longer an active case pending in the Surrogate's Court, as was represented at the pre-motion conference." *McKie v. Est. of Dickinson*, No. 20CV2973KAMCLP, 2021 WL 3292516, at *11 n.9 (E.D.N.Y. Aug. 2, 2021), *aff'd in part, vacated in part sub nom. McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355 (2d Cir. Sept. 15, 2022). Though the exact timing of events in *McKie* is unclear, *McKie* does not appear to involve the present situation where the state court case is no longer pending as of the filing of the FAC. Nor was the timing of the filing of an amended complaint at issue in the Individual Defendants' second cited case, *Mitchell v. Brownie*, No. 19CV06393EKST, 2021 WL 1131560, at *3 (E.D.N.Y. Mar. 5, 2021), *report and recommendation adopted*, No. 19-CV-6393(EK)(ST), 2021 WL 1124602 (E.D.N.Y. Mar. 24, 2021). The same is true of their third cited case, *Mandell v. Dolloff*, No. 3:17-CV-01282-MPS, 2018 WL 3553343, at *5 (D. Conn. July 24, 2018).

The posture of this case confirms the soundness of this rule. Here, any issues with subject matter jurisdiction were cured by the filing of the FAC. Fearing that the FAC did not suffice to

remedy the issue, Plaintiffs filed a second, entirely identical action "out of an abundance of caution . . . to remedy any subject matter jurisdiction issue." *See* 1:24-cv-487, Dkt. No. 5 at 2.[2] It cannot be that the time-of-filing rule requires parties to refile an identical complaint a second time in a newly filed case, rather than file an amended complaint in the extant action, to cure any potential issues with subject matter jurisdiction. Such a rule would result in duplicative litigation and a waste of resources for courts and litigants alike. This Circuit's caselaw and guidance from the Supreme Court in *Rockwell* wisely guard against such procedural folderol.

Accordingly, for the reasons set forth in the R&R, Defendants' motion to dismiss is denied, and Plaintiffs' motion for summary judgment is granted in part and denied in part.[3]

---

[2] In their statement of relatedness, Plaintiffs admitted that "[t]he Complaint in the newly filed case is identical to the First Amended Complaint in the earlier filed case [i.e., 1:23-cv-1315]. [The 1:24-cv-487] case is only being filed to remedy any subject matter jurisdiction issue." *Id.*

[3] The Individual Defendants do not object to Judge Parker's conclusion that "the Grandson's exercise was permitted by the Grandparent Trusts." R&R at 17. The Court adopts Judge Parker's conclusion in full. In addition to the cases cited by Judge Parker, New York law dictates that "[a]n exercise of a power of appointment is not void because its exercise is . . . [l]ess extensive than authorized by the instrument creating the power, unless the donor has manifested a contrary intention." *See* N.Y. Est. Powers & Trusts Law § 10-6.6(a)(2) (McKinney). As the statute's accompanying practice commentary observes: "Under subparagraph (a)(2), the exercise of a power is valid though it is less extensive than the instrument permits, unless the donor provided otherwise. The legislature first enacted this statute . . . to codify case law that permitted the donee of a special power to appoint the property in further trust." *See id.*, Practice Commentary by Margaret Valentine Turano (citing *Beardsley v. Hotchkiss*, 96 N.Y. 201 (1884); *Lehman v. Spicer*, 188 A.D. 931, 176 N.Y.S. 445 (2d Dep't 1919), *motion granted,* 193 A.D. 890, 182 N.Y.S. 933 (2d Dep't 1920); 5 AMERICAN LAW OF PROPERTY § 23.48). That the Grandparent Trusts permitted Mr. Deeds to convey his assets "to" his wife, Mrs. Deeds, thus does not vitiate Mr. Deeds' exercise of his limited power of appointment to create a trust on Mrs. Deeds' behalf. *See, e.g.*, *In re Nicholas' Will*, 134 N.Y.S.2d 809, 811 (App. Div. 1954), *aff'd*, 308 N.Y. 971, 127 N.E.2d 337 (1955) (acknowledging that in the will at issue, the "power of appointment is broad and unrestricted; it evidences an indifference by the donor to regulate or control the . . . quality or quantity of [the donees' elected beneficiaries'] estates"); *In re Nicholas' Will*, 126 N.Y.S.2d 277, 280 (Sur. 1953), *decree modified*, 134 N.Y.S.2d 809 (App. Div. 1954), *aff'd*, 308 N.Y. 971, 127 N.E.2d 337 (1955) (providing the will's language). In the *Nicholas* case, the instrument's language permitted the donee to transfer assets "to" persons that he appointed; when the donee then appointed half the assets to his wife outright and half to her via a trust, the appellate court upheld "the donee's power to appoint in trust." *Nichoals' Will*, 134 N.Y.S.2d at 811. The circumstances here are similar. Mr. Deeds' exercise of his power of appointment was not voided by conveying the assets to her via a trust, which is less extensive than a conveyance to Mrs. Deeds outright. *See also, e.g.*, *In re Hart's Will*, 28 N.Y.S.2d 781, 785 (App. Div. 1941) ("[I]t is said 'that although the power [of appointment] must not be exceeded, nor its directions evaded, . . . where there is no prohibition, everything which is legal and within the limits of the authority should be supported, and . . . the power to appoint a fee . . . with no prohibition against giving a less estate, ought to be held to authorize any legal limitation within the scope of the power which may be served out of the fee.'") (citation omitted); *In re Rolston's Will*, 44 Misc. 2d 298, 302 (Sur. 1964) ("Where the power of appointment is not limited to outright dispositions, it includes a power to appoint a lesser estate.") (citations omitted). Put simply, Mr. Deeds could have cut the Individual Defendants off from any right to the assets by granting them in whole to his wife, who could have given the money to charity rather than the children if she chose. New York law embodies the commonsense position that giving her merely an interest in a trust for her benefit is okay. Here, that is arguably a better result for the residual beneficiaries than an outright grant to Mr. Deeds' wife of all interest in the funds.

## IV.   CONCLUSION

For the reasons set forth in the R&R, Defendants' motion to dismiss is denied, and Plaintiffs' motion for summary judgment is granted in part and denied in part.  The motion for summary judgment is denied without prejudice "insofar as it seeks an order requiring Citibank to transfer assets at this time."  *See* Dkt. No. 82 at 21.  Rather, as recommended by Judge Parker, the parties are directed to "submit additional evidence and briefing on the anticipated funds required to complete the accounting and how any portion of the Grandparent Trusts' assets might be transferred before the accounting is complete."  *Id.*  The Court defers to Judge Parker to manage the resolution of these remaining issues under the current order of reference, Dkt. No. 5.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 46, 53.

SO ORDERED.

Dated:  February 20, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge